FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAR 19 2018 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LORREN VINCENTE WHITFIELD,
and F.K.P.W.,[1]

          Plaintiffs,

v.

NATALIE JOHNSON, SHAMEEKA McALLISTER,
MARLENY ARIZA, JUDITH JAMES, P.S. 28 a/k/a
Warren Prep Academy; MARIA ZUBAIR, HETAL
M. SHAH, DIONNE LOWERY, ROBIN KARASYK,
KEISHA FRANCIS, JOHN/JANE DOES 1-25,

          Defendants.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
18-CV-1232 (WFK) (LB)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On February 26, 2018, Lorren Vincente Whitfield ("Whitfield"),[2] appearing *pro se*, filed this action against defendants. Whitfield paid the filing fee to commence this action. For the reasons set forth below, the complaint is dismissed in part and Whitfield is directed to file an amended complaint within thirty (30) days.

## BACKGROUND

To the extent the Court can comprehend Whitfield's claims, they appear to arise from a child neglect petition filed against him in Family Court. Whitfield alleges that on November 2, 2017, Judith James of P.S. 28 allowed Administration for Children's Services ("ACS") employees to interview and photograph his daughter while at school in connection with the child neglect petition. He also alleges that ACS employees "bombarded" him with home visits

---

[1] The Clerk of Court is directed to amend the caption as set forth above.

[2] Recently, the Court remanded to Family Court Whitfield's removal petition. *See Family Court of N.Y. v. Whitfield*, No. 17-cv-7346 (WFK) (E.D.N.Y. Feb. 26, 2018).

1

without his consent. In addition, Whitfield appears to contend that he is a "religious consumer business Trust" and refers to Mr. Angel Luis Torres, Jr., who has signed the complaint but does not appear as a plaintiff, as his "trustee/P.O.A." *See* Compl. at 2, 5.

## STANDARD OF REVIEW

In reviewing the complaint, the Court is mindful that plaintiff Whitfield is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation omitted); *accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). A complaint, however, must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## DISCUSSION

Claims on Behalf of Minor Child

Whitfield cannot file this action on behalf of his minor daughter, F.K.P.W., or represent her in this matter. Although federal law affords parties a statutory right to plead and conduct their own cases, 28 U.S.C. § 1654, that statute does not permit "unlicensed laymen to represent

2

anyone else other than themselves." *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (internal quotation marks omitted).

It is well-settled that a non-attorney parent cannot appear on behalf of his or her child. *Berrios v. NYCHA*, 564 F.3d 130, 133 (2d Cir. 2009); *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self . . . a lay person may not represent a corporation or a partnership or appear on behalf of his or her own child."). Therefore, any claims on behalf of the minor child are dismissed without prejudice.

Attorney in Factum/Power of Attorney

Similarly, Angel Luis Torres, Jr., who has signed the complaint as the "[a]ttorney in factum," *see* Compl. at 5, cannot appear for either Whitfield or F.K.P.W. unless he is an attorney licensed to practice law. Neither Whitfield nor Torres provides any facts or documents to show that Torres is a licensed attorney. A non-attorney agent with power of attorney may not appear *pro se* on behalf of the principal. *See Johns v. Cty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997); *Megna v. United States Dep't of the Navy*, 317 F. Supp. 2d 191, 192 (E.D.N.Y. 2004) (Spatt, J.) (collecting cases). Therefore, Mr. Torres cannot appear for Whitfield or his minor child pursuant to 28 U.S.C. § 1654.

Federal Rule of Civil Procedure 8

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of claim showing that the pleader is entitled to relief,' and that each averment be 'concise and direct.'" *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quoting Fed. R. Civ. P. 8(a)(2), 8(d)(1)). Even if read generously, *see Harris*, 572 F.3d at 72, Whitfield's complaint fails

to give the defendants fair notice of plaintiff's claims and fails to allege facts against each individual named in the caption of the complaint.

## **CONCLUSION**

Accordingly, the complaint is dismissed, without prejudice, as to any claims on behalf of the minor child. The Court concludes that Mr. Angel Luis Torres, Jr. cannot represent Whitfield or the minor child unless he can show that he is licensed attorney admitted to practice law. Furthermore, the Court directs Whitfield to file an amended complaint which complies with Rule 8 of the Federal Rules of Civil Procedure within 30 days from the entry of this Memorandum and Order.

Although Whitfield paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: Brooklyn, New York
March 16, 2018