FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAR 29 2019 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LORREN VINCENTE WHITFIELD,

                Plaintiff,

        v.

NATALIE JOHNSON, SHAMEEKA McALLISTER,
MARLENY ARIZA, JUDITH JAMES, P.S. 28 a/k/a
Warren Prep Academy; MARIA ZUBAIR, HETAL
M. SHAH, DIONNE LOWERY, ROBIN KARASYK,
KEISHA FRANCIS, JOHN/JANE DOES 1-25,

                Defendants.
-----------------------------------------------------------X

**MEMORANDUM & ORDER**
18-CV-1232 (WFK) (LB)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On February 26, 2018, Plaintiff Lorren V. Whitfield ("Whitfield") filed this action on his behalf and on behalf of his minor daughter. Although difficult to comprehend, the complaint appeared to arise from a child neglect petition filed against Whitfield in Family Court. He paid the filing fee to commence this action and a summons was issued by the Clerk of Court. By Memorandum and Order dated March 19, 2018, the Court dismissed the complaint as to any claims on behalf of Whitfield's minor child and directed Whitfield to file an amended complaint within 30 days. The Court also concluded that Angel Luis Torres, Jr, as a non-attorney, could not represent Whitfield or the minor child.

Whitfield did not amend the complaint and instead filed a notice of appeal. On March 13, 2019, the United States Court of Appeals for the Second Circuit affirmed the dismissal of the complaint as to Whitfield's claims on behalf of his daughter. The Second Circuit also found that "Whitfield's complaint was thoroughly confused, ambiguous, and unintelligible, and failed to provide the defendants with fair notice of the claims against them" in violation of Rule 8 of the Federal Rules of Civil Procedure ("Rule 8").

1

Rule 8 requires a "short and plain statement" of a claim showing "that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each averment must be "simple, concise and direct," Fed. R. Civ. P. 8(d)(1), and give "fair notice" of the claims asserted. Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995). A complaint may be dismissed under Rule 8 if it "is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. Plaintiff's submissions filed after the notice of appeal do not comply with Rule 8 nor can they be liberally construed as an amended complaint. See Doc. Nos. 12-14.

In an abundance of caution, the Court provides Whitfield with a second opportunity to file an amended complaint which complies with Rule 8 within 30 days from the entry of this Order in order to proceed with this action. Should Whitfield elect to file an amended complaint, it must be captioned "AMENDED COMPLAINT" and bear the docket number 18-CV-1232 (WFK) (LB). Although Whitfield may attach documents as exhibits to his amended complaint, reference to exhibits alone cannot substitute for the required statement of claim pursuant to Rule 8. If Whitfield fails to file an amended complaint within the time allowed or show good cause why he cannot comply, judgment dismissing this action without prejudice shall be entered. Although Whitfield paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/WFK
WILLIAM F. KUNTZ, II
United States District Judge

Dated: Brooklyn, New York
March 27, 2019

2